UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XUAN HAI NGUYEN,

          Petitioner,

   v.

BRUCE SCOTT ET AL.,

          Respondents.

Case No. C25-1988-RAJ-SKV

ORDER RE: PENDING MOTIONS

Petitioner proceeds pro se in this 28 U.S.C. § 2241 immigration habeas action. Now pending before the Court are motions seeking the appointment of Daniel M. Huynh, who currently represents Petitioner pro bono in immigration court, as counsel for Petitioner in this matter and for permission for Huynh to appear *pro hac vice* and without association of local counsel. Dkts. 6 & 10.[1] Petitioner also asks that the Court allow him to proceed *in forma pauperis* (IFP) and waive all current and future court fees. Dkt. 6. The Court, having considered these motions, herein finds and concludes as follows:

    (1)    Pursuant to Local Civil Rule (LCR) 83.1(d)(1), an attorney who is a member in good standing of a federal, state, or organized territory bar and who does not reside or maintain

---

[1] The Court previously denied without prejudice a motion to appoint counsel filed with the assistance of Huynh, but not seeking Huynh's appointment. *See* Dkts. 2 & 5.

ORDER RE: PENDING MOTIONS - 1

an office in the Western District of Washington normally will be permitted to appear on behalf of a party and participate in a case *pro hac vice*. However, "[t]he party must also be represented by local counsel, who shall fulfill" specific responsibilities, including the responsibility to review, sign, and electronically file the applicant's *pro hac vice* application and to attest they will handle the matter in the event the applicant is unable to be present to do so. LCR 83.1(d)(1)-(2). Local counsel also, unless waived by the court, bears the responsibility to sign all motions and other filings and ensure all filings comply with the court's local rules. LCR 83.1(d)(2).[2]

In asking the Court to waive the local counsel requirement and otherwise deem the *pro hac vice* requirements satisfied, Petitioner and Huynh point to the complexities of this litigation and to Petitioner's indigency, detention, and limited proficiency with the English language. *See* Dkts. 6 & 10. They do not, however, identify any authority supporting their request. For instance, Huynh asserts that LCR 83.1(d)(1)"(E)" authorizes the Court to waive the local counsel requirement for good cause, but no such subsection to LCR 83.1(d)(1) exists. The rule, at most and as set forth above, authorizes waiver of the requirement that local counsel sign motions and other filings. *See* LCR 83.1(d)(2); *see also Burlington N. R. Co. v. Woods Indus., Inc.*, 815 F. Supp. 1384, 1393 (E.D. Wash. 1993) (granting motion to waive requirement for signature of local counsel, but noting counsel appearing *pro hac vice* "shall continue to consult with local counsel.").[3]

---

[2] Other requirements of LCR 83.1(d) are not at issue and therefore not addressed in this Order.

[3] Petitioner asserts that the Court may waive the local counsel and other *pro hac vice* requirements under Federal Rule of Civil Procedure 83(b) and the Court's inherent authority. Dkt. 6 at 2. Again, however, this assertion is not supported by any authority. *See*, *e.g.*, Fed. R. Civ. P. 83(b) ("Procedure When There Is No Controlling Law. A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.").

ORDER RE: PENDING MOTIONS - 2

The Court, while sympathetic to the difficulties identified in the pending motions and appreciative of Huynh's willingness to provide Petitioner representation, finds no basis for waiving the requirements of LCR 83.1(d).  *See generally Angel v. Marten*, No. C21-7333, 2022 WL 18277781, at *1 (C.D. Cal. Jan. 27, 2022) (noting "[r]easons for requiring local counsel include 'the importance of knowing the Local Rules, the local standards of behavior or mores in this district, [and] the accessibility of counsel[,]'" and that the court, "like other district courts, enforces the local counsel requirement scrupulously.") (quoting *Daien v. Ysursa*, No. C09-0022, 2009 WL 10711879, at *3 (D. Idaho Feb. 9, 2009)).  The request to permit counsel to appear *pro hac vice* and without local counsel, Dkts. 6 & 10, is therefore DENIED.  The denial of the request to appear *pro hac vice* is without prejudice to a renewed request compliant with this Court's rules.

(2) In support of his request to proceed IFP and with waiver of all court fees, Petitioner asserts his indigency and notes that Huynh paid the $5.00 habeas filing fee as a courtesy and in order to expedite the filing of this matter.  *See* Dkt. 6.  *See also* Dkt. 10 (asserting Petitioner's indigency).  Petitioner seeks IFP status in order to memorialize his indigency, waive any remaining/ongoing fees (including *pro hac vice*/admission fees), and, if the Court finds it appropriate, a refund of the habeas filing fee.

Petitioner is advised that a litigant seeking to proceed IFP must file an affidavit that includes a statement of assets and that the person is unable to pay fees. 28 U.S.C. § 1915(a)(1). Petitioner has not, to date, submitted any such affidavit and therefore has not demonstrated his entitlement to proceed IFP.  Petitioner's request to proceed IFP and to waive any fees, Dkt. 6, is therefore DENIED without prejudice to the submission of a renewed motion accompanied by a financial affidavit.

(3) The Court, finally, addresses Petitioner's request to appoint Huynh as counsel under 18 U.S.C. § 3006A(a)(2)(B). Dkt. 6.[4] Under that statute, the Court has discretion to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(2)(B). However, as discussed above, Petitioner has not yet provided the information necessary for the Court to make a finding of financial eligibility and herein requests the appointment of counsel who is not, as yet, permitted to proceed in this matter *pro hac vice*. The Court, as such, DENIES the request for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). Dkt. 6. This request is also denied without prejudice to the renewal of a properly supported motion.

(4) The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 12th day of December, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

---

[4] Petitioner asserts that such an appointment is warranted because his liberty is at stake, the nature of his detention, unavailability of a bond, and due process limits on prolonged custody, his difficulty representing himself due to a language barrier and his detention status, and because Huynh's familiarity with the record in this case would promote efficient, fair adjudication. Dkt. 6 at 1.